# In the United States Court of Federal Claims

No. 19-1346C

(E-Filed: March 23, 2020)

|  |  |
|---|---|
| PENROSE PARK ASSOCIATES, LP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Motion to Dismiss; Lack of Subject-<br>) Matter Jurisdiction; RCFC 12(b)(1). |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

Philip L. Hinerman, Philadelphia, PA, for plaintiff. Ronni Two, of counsel.

Stephen C. Tosini, Senior Trial Attorney, with whom were Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, Franklin E. White, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

      Before the court is defendant's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 5. In evaluating defendant's motion, the court considered: (1) plaintiff's complaint, ECF No. 1; (3) defendant's motion to dismiss, ECF No. 5; (4) plaintiff's response, ECF No. 6; and (5) defendant's reply, ECF No. 7. In its response to defendant's motion to dismiss, plaintiff requested that the court hold a hearing before deciding the motion. See ECF No. 6 at 8. The court found the parties' written submissions sufficient to assist the court in deciding the issues raised in defendant's motion, and therefore, denies plaintiff's request for oral argument as unnecessary. For the following reasons, defendant's motion to dismiss, pursuant to RCFC 12(b)(1), is **GRANTED**.

I.      Background

This case involves remediation efforts, ordered by the Pennsylvania Department of Environmental Protection (PDEP), at a property called Siena Place located in Philadelphia, Pennsylvania.  See ECF No. 1 at 2-3.  The Defense Logistics Agency (DLA), an agency within the United States Department of Defense (DOD), "operated a manufacturing and supply depot for [the] United States military for more than 100 years on the site."  Id. at 3.  In December 1999, the PDEP ordered the DLA to begin remediation efforts to address the effects of a "naphthalene plume that developed in the soil due to the improper disposal of petroleum-based products."  Id.

Plaintiff acquired the subject property in September 2007 from the Philadelphia Housing Authority, and granted the DLA an easement to allow the DLA to continue remediation efforts.  Id.  The easement required the DLA to "'fund the cost for the installation of vapor barriers underneath to-be-constructed residential or commercial buildings on the [p]roperty.'"  Id. (quoting the easement language).  The easement also specified that the contractors conducting the work be "fully-insured, licensed and responsible," among other requirements.  Id. at 3-4.  In addition, the easement relieved plaintiff of any liability related to the work, and reflected an agreement between plaintiff and DLA to litigate claims arising out of the easement in the Eastern District of Pennsylvania.  See id. at 4.

Following various alleged breaches on the DLA's part, plaintiff filed suit in the Eastern District of Pennsylvania.  See id.  Plaintiff alleged seven counts against the DLA in its district court complaint, all of which the court dismissed for lack of subject-matter jurisdiction on August 1, 2018.  See Penrose Park Assocs., L.P. v. United States through Def. Logistics Agency, Case No. 18-0730, 2018 WL 3642418, *1 (E.D. Pa. Aug. 1, 2018) (reciting the seven claims included in plaintiff's district court complaint).  The district court held that this court has exclusive jurisdiction over plaintiff's four contract claims, see id. at *3, and dismissed the remaining counts on the basis that plaintiff had failed to exhaust administrative remedies under the Federal Tort Claims Act, see id. at *5.

Plaintiff alleges that it "gave notice of a claim to the Department of the Army on September 26, 2018," but "[b]ecause the United States failed to respond to the claim, the claims were deemed denied on March 26, 2019."  ECF No. 1 at 2.

On September 4, 2019, plaintiff filed its complaint with this court alleging that the DLA injured plaintiff through its "failure to properly remediate the site pursuant to orders from the Pennsylvania Department of Environmental Protection and its negligent retention and supervision of a contractor."  Id.  "Because DLA's negligence caused injury or harm to its property, [plaintiff] now seeks money damages."  Id.  Plaintiff presents its case in seven counts, which are substantially similar to the seven counts in its complaint filed with the district court, including:  (1) breach of contract, id. at 6-7; (2) breach of

express warranty, id. at 7-8; (3) breach of implied warranty of merchantability, id. at 8-9; (4) breach of implied warranty of fitness for a particular purpose, id. at 9-10; (5) negligent retention of a contractor, id. at 10-11; (6) negligent supervision of a contractor, id. at 12-13; and (7) failure to properly remediate the Siena Place property under the Hazardous Sites Cleanup Act of 1988, a Pennsylvania state statute, id. at 13-14. Compare Penrose Park, 2018 WL 3642418 at *1.

In its motion to dismiss, defendant argues that the court lacks subject-matter jurisdiction over the entirety of plaintiff's complaint. Specifically, defendant argues that plaintiff's first four counts are "subject to the Contract Disputes Act (CDA), 41 U.S.C. § 7101, et seq.," but contends that plaintiff has "fail[ed] to satisfy the jurisdictional certification precondition to suit" required for claims made pursuant to the CDA. Id. And with regard to the remaining three counts, defendant claims that the court lacks jurisdiction because the counts are "claims sounding in tort." Id.

II.     Legal Standards

Pursuant to the Tucker Act, the court has jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke the court's jurisdiction, plaintiffs must show that their claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)). See also Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (stating that to fall within the scope of the Tucker Act "a plaintiff must identify a separate source of substantive law that creates the right to money damages") (citations omitted).

Plaintiff bears the burden of establishing this court's subject-matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). To determine whether plaintiff has carried this burden, the court accepts "as true all undisputed facts asserted in the plaintiff's complaint and draw[s] all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the court determines that it lacks subject-matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.   Analysis

    A.   The Court Lacks Jurisdiction over Plaintiff's CDA Claims

The first four counts of plaintiff's complaint allege:  breach of contract (Count I), breach of express warranty (Count II), breach of implied warranty of merchantability (Count III), and breach of implied warranty of fitness for a particular purpose (Count IV). See ECF No. 1 at 6-10.  As an initial matter, the parties agree that plaintiff's first four counts are asserted pursuant to the CDA.  See ECF No. 5 at 6 (defendant stating that "[t]here also can be no dispute" that this case arises under the CDA); ECF No. 6 at 5-7 (plaintiff invoking the court's CDA jurisdiction with regard to the first four counts of the complaint, and arguing that it complied with the CDA requirements).

The parties also agree on the applicable standards for evaluating the court's jurisdiction over CDA claims, and cite the same authorities in support thereof.  See ECF No. 5 at 4-5; ECF No. 6 at 5.  "A valid claim with the contracting officer . . . is necessary for this Court to exercise jurisdiction under the CDA." CSX Transp., Inc. v. United States, 123 Fed. Cl. 244, 251 (2015); see also Northrop Grumman Computing Sys., Inc. v. United States, 709 F.3d 1107, 1111-12 (Fed. Cir. 2013) ("A prerequisite for jurisdiction of the Court of Federal Claims over a CDA claim is a final decision by a contracting officer on a valid claim.") (emphasis in original).  To be valid, a claim must include:  "(1) a written demand, (2) seeking, as a matter of right, (3) the payment of money in a sum certain."  Northop Grumman, 709 F.3d at 1112 (citation omitted).  A valid claim must also include a certification pursuant to 41 U.S.C. § 7103(b)(1), attesting that:  "(A) the claim is made in good faith; (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief; (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and (D) the certifier is authorized to certify the claim on behalf of the contractor." 41 U.S.C. § 7103(b)(1) (2012).  Both parties likewise acknowledge that "technical compliance with certification is not a jurisdictional prerequisite to litigation of a contractor's claim under the CDA." M. Maropakis Carpentry, Inc. v. United States, 609 F.3d 1323, 1329 (Fed. Cir. 2010).

The disagreement between the parties with regard to the court's jurisdiction relates to the individual who is properly able to certify the claim on behalf of the contractor pursuant to 41 U.S.C. § 7103(b)(1)(D).  In this case, plaintiff's attorney certified the claim.  See ECF No. 6 at 6 (plaintiff acknowledging that its attorney, Mark J. Fanelli, certified the claim at issue).  In its motion to dismiss, defendant argues that the certification of plaintiff's claim—made by its attorney—was invalid because such certification must come from the contractor, not the contractor's agent.  See ECF No. 5 at 5.

In support of this position, defendant cites W.H. Moseley Co., Inc. v. United States, 677 F.2d 850, 852 (Ct. Cl. 1982), cert denied, 459 U.S. 836 (1982).  In W.H. Moseley, plaintiff argued that its claim, which was signed by an economist who had conducted an economic analysis supporting the claim, met the CDA's certification requirement.  See id. at 851.  The court held that plaintiff's purported certification was invalid because the operative language was written by the economist rather than the contractor.  See id. at 852 ("Most significantly, the fact that the language, which is supposed to indicate plaintiff's belief that the amount requested accurately reflects the contract adjustment, is written by Dr. Mitchell and not by the contractor invalidates any claim to a proper certification.").  Defendant also cites to T.J.D. Servs., Inc. v. United States, a case in which the court found that the claim letter at issue was "signed only by the plaintiff's attorney and, as such, cannot constitute a certified claim."  6 Cl. Ct. 257, 261-62 (1984).  In both W.H. Moseley and T.J.D. Services, the court dismissed the claims for lack of subject-matter jurisdiction.  See W.H. Moseley, 677 F.2d at 852 ("Since plaintiff failed to certify its claim as required by section 6(c)(1) of the Contract Disputes Act of 1978, we are without jurisdiction to consider its direct appeal to this court."); T.J.D. Servs., 6 Cl. Ct. at 261-62 (holding that plaintiff's certified claim, which was "signed only by the plaintiff's attorney and, as such, cannot constitute a certified claim," and concluding that the court lacked jurisdiction to consider the claim as a result).

According to plaintiff, its certification is sufficient, even if not technically compliant.  See ECF No. 6 at 5.  First, plaintiff argues: "the case law is clear that the certification can be executed by the plaintiff's attorney."  Id.  Plaintiff offers Flying Horse v. United States, 49 Fed. Cl. 419 (2001) as the clear case law on this point, but the case does not support plaintiff's argument.  In Flying Horse, defendant challenged the validity of plaintiffs' claim because plaintiffs' attorney filed their claim with the contracting officer.  49 Fed. Cl. at 428.  The court disagreed, and held that the statute did not specify who was required to file a claim.  See id.  The identity of the person filing the claim, however, is not the issue now before the court; instead, here defendant challenges the identity of the person certifying the claim on the contractor's behalf.  The court in Flying Horse specifically noted that the certification requirement was not implicated under the circumstances of that case, noting that "proper certification is, indeed, required only for claims above $100,000."  Id. at 429.  As such, the decision in Flying Horse is inapplicable to the facts here.

Plaintiff next argues that improper certification is a technical matter that should not prevent the court from exercising its jurisdiction.  See ECF No. 6 at 6.  Plaintiff insists that because its attorney was acting in his representative capacity when he certified the claim, the attorney's certification, in substance, satisfies the requirement that the claim be certified by an individual who "is authorized to certify the claim on behalf of the contractor."  41 U.S.C. § 7103(b)(1)(D).  Although plaintiff's argument has some logical appeal, it is contrary to case law.  This court has specifically held, on multiple occasions, that a contractor's attorney was ineligible to certify a claim on the contractor's behalf.

5

The court explained the reason for this rule in Romala Corp. v. United States, 12 Cl. Ct. 411, 412-13 (1987), as follows:

> The certification requirement fulfills an important Congressional objective of the Contract Disputes Act by discouraging the submission of unwarranted contractor claims and encouraging settlement. S. Rep. No. 1118, 95th Cong., 2d Sess. 5, reprinted in [1978] U.S. Code Cong. & Ad. News 5235, 5239; Paul E. Lehman, Inc. v. United States, 230 Ct. Cl. 11, 14, 673 F.2d 352, 354 (1982). Additionally, "certification plays a serious role in the statutory scheme because it triggers a contractor's potential liability for a fraudulent claim under section 604 of the Act." Skelly and Loy v. United States, 231 Ct. Cl. 370, 376 n.11, 685 F.2d 414, 418 n.11 (1982); T.J.D. Services, Inc. v. United States, 6 Cl. Ct. at 262.
>
> This Court has consistently held that proper certification is a jurisdictional prerequisite to a direct access action by a Government contractor in this Court if the claim submitted exceeds $50,000.[1]  Fredenburg v. United States, 10 Cl. Ct. at 218; T.J.D. Services, Inc. v. United States, 6 Cl. Ct. at 260; Transamerica Ins. Co. v. United States, 6 Cl. Ct. 367, 370 (1984); W.H. Moseley Co. v. United States, 230 Ct. Cl. 405, 407, 677 F.2d 850, 852, cert. denied, 459 U.S. 836, 103 S. Ct. 81, 74 L.Ed.2d 77 (1982).  Due to the importance accorded certification as well as the potential liability stemming from misrepresentation or fraud, the contractor must personally certify his written claim for damages. A claim signed by an attorney without more is not sufficient.  T.J.D. Services, Inc. v. United States, 6 Cl. Ct. at 261.

Here, plaintiff has neither successfully distinguished its case from this line of decisions, nor has it convinced the court that a departure from the court's approach on this issue is supported in this instance.

In the alternative, plaintiff requests that, should the court conclude that the certification was insufficient, the court permit plaintiff "to submit an amended certification since technical compliance with certification is not a jurisdictional prerequisite." ECF No. 6 at 6.  For the reasons discussed above, the court finds that certification by an authorized individual, as required by 41 U.S.C. § 7103(b)(1)(D), is not a technical matter, and that plaintiff's failure to comply with the requirement prevents the court from exercising jurisdiction over its claims.  The court, therefore, cannot grant this

---

[1]   At the time that Romala Corp. v. United States, 12 Cl. Ct. 411 (1987) was decided, the Contract Disputes Act required certification of claims exceeding $50,000.  That amount was increased to $100,000 in 1994.  See Medina Const., Ltd. v. United States, 43 Fed. Cl. 537, 546 n.8 (1999).

request to amend.  Defendant's motion to dismiss the first four counts of plaintiff's complaint is granted.

        B.      The Court Lacks Jurisdiction over Plaintiff's Tort Claims

The final three counts of plaintiff's complaint allege:  negligent retention of a contractor (Count V), negligent supervision of a contractor (Count VI), and failure to properly remediate the Siena Place property under the Pennsylvania Hazardous Sites Cleanup Act of 1988 (Count VII).  See ECF No. 1 at 10-14.  Defendant argues that all three counts are tort claims outside this court's jurisdiction, and that the final count is also a claim brought pursuant to state law, which is likewise beyond the authority of this court to review.  See ECF No. 5 at 5-7.  The court agrees.

Claims for negligence sound in tort.  See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 & n.5 (Fed. Cir. 2007).  And tort claims are expressly excluded from this court's jurisdiction under the Tucker Act.  See 28 U.S.C. § 1491(a)(1) (giving the court authority to consider claims against the United States "not sounding in tort"); see also Aetna Cas. & Sur. Co. v. United States, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims . . . are expressly beyond our Tucker Act jurisdiction.").  As such, the court lacks the authority to consider plaintiff's tort claims.

To the extent that plaintiff's final count, alleging a violation of Pennsylvania state law, does not sound in tort, it remains outside this court's jurisdiction.  See Souders, 497 F.3d at 1307 ("Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims.").

Plaintiff urges the court to exercise jurisdiction over the final three counts of its complaint because defendant successfully moved to dismiss the previous iteration of this case in district court, and plaintiff views defendant's present motion to dismiss on jurisdictional grounds as an attempt "to deprive Penrose Park of any opportunity to have its day in any court."  ECF No. 6 at 7.  Plaintiff argues that "Defendant should be bound by its prior statements in the Eastern District Action arguing lack of jurisdiction."  Id.  Plaintiff's argument is unavailing.  This court's jurisdiction is circumscribed by statute, and the court is not empowered to exceed that statutory grant of authority even if it were to view defendant's litigation arguments as inconsistent or disingenuous.  Defendant's motion to dismiss the final three counts of plaintiff's complaint is granted.

IV.    Conclusion

For the foregoing reasons, the court lacks jurisdiction to consider plaintiff's complaint, and defendant's motion to dismiss, ECF No. 5, is **GRANTED**.  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject-matter jurisdiction, without prejudice.

IT IS SO ORDERED.

                                                s/Patricia E. Campbell-Smith
                                                PATRICIA E. CAMPBELL-SMITH,
                                                Judge